UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZACHARY JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-1642 (BAH) |
| ERIC HOLDER, JR., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the application to proceed *in forma pauperis* of Zachary Johnson and the *pro se* complaint of Zachary Johnson and Russell Keith Hill. The plaintiffs have named as defendants the Attorneys General of the United States and of the State of Mississippi, an employee of the U.S. Department of Justice ("DOJ") and eight Federal District and Circuit Court Judges. *See* Compl., *generally*, ECF No. 1-1.

Russell Keith Hill did not submit an application to proceed *in forma pauperis*. Even if he had, the Court likely would not have granted it. Hill has been barred from proceeding *in forma pauperis* under the "three strikes" provision of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g). He "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*; *see Hill v. Epps*, 169 F. App'x 199, 200 (5th Cir. 2006) (assessing third "strike" for purposes of 28 U.S.C. § 1915(g)); *Hill v. Fed. Judicial Ctr.*, No. 05-1567 (D.D.C. filed Jan. 14, 2008) (order revoking *in forma pauperis* status under 28 U.S.C. § 1915(g)). Furthermore, the Court would not

1

be inclined to allow Hill to circumvent the "three strikes" rule by bringing an action with a co-plaintiff who is not subject to such limitations. *See Pinson v. U.S. Dep't of Justice*, __ F. Supp. 2d __, __, 2013 WL 5423107, at *7 (D.D.C. Sept. 30, 2013) ("This Court will not allow [prisoner barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)] to circumvent the three-strike rule by attempting to join the Plaintiff's complaint through joinder [under Fed. R. Civ. P. 20(a)]."). Russell Keith Hill will be dismissed as a party to this action, leaving Zachary Johnson as the sole plaintiff.

According to the plaintiff, "Royce C. Lambert[h], in his 'official capacity' as CHIEF JUDGE of the D.C. District Court[,] demonstrates 'discrimination' and 'retaliation' against the plaintiff[] for exercising [his] constitutional right to file [a] TORT CLAIM.'" Compl. [ECF No. 1-1] at 3 (emphasis removed). In addition, plaintiff alleges, judges of the United States Court of Appeals for the Fifth Circuit and United States District Court for the Southern District of Mississippi likewise have thwarted plaintiff's attempts to pursue his legal claims and thus have violated his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, *see id.* at 3-5, and the United Nations Convention Against Torture, *see id.* at 13. As compensation for this undefined tort, plaintiff demands "MONETARY DAMAGES" IN THE AMOUNT OF "ONE (1) ZILLION DOLLAR[S]," *id.* at 15 (emphasis removed), among other relief, *see id.* at 13-14.

Although the Court "must construe *pro se* filings liberally," *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (citation omitted), "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Plaintiff's complaint fails to do so. Its purported claims "lack[] even an arguable basis in law," *Neitzke v. Williams*, 490 U.S. 319, 328 (1989), rendering the complaint

subject to dismissal as frivolous. Moreover, plaintiff's purported tort claim against the judges could have arisen only in the course of performing their judicial duties, and "[f]ew doctrines were more solidly established . . . than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see Mirales v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) ("[G]enerally, a judge is immune from a suit for money damages."); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mitchell v. Forsyth*, 472 U.S 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."). Their "judicial immunity is not overcome by allegations of bad faith or malice," *Mirales*, 502 U.S. at 11, such as those plaintiff attempts to assert.

Accordingly, the Court will dismiss the complaint with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B), 1915A(b).[1] An Order is issued separately.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

DATE: November 25, 2013

---

[1] Three of the eleven named defendants – Eric Holder, Jr., Jim Hood, and Phyllis J. Pyles – are not federal judges. The basis for the plaintiff's claims against the DOJ and the Mississippi State Attorney General are unclear but to the extent intelligible appear to stem from these agencies not providing relief from judicial action, s*ee* Compl. at 6 ("Finally, the [p]laintiff[s] have sought relief through the U.S. Department of Justice, to [n]o avail"), or somehow being responsible for Congressional enactment of the PLRA, *see id*. at 4 (alleging in connection with "the adoption of the PLRA," "a 'subtil' [sic] and 'deceptive tactic' schemed by the Attorney Generals offices throughout the United States"). The Complaint fails to assert a cognizable legal claim against these defendants, who will therefore be dismissed as parties to this action.